**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――――X
:
DOUGLAS WEBB, on behalf of himself and all :
others similarly situated,                :
:
               Plaintiff,    : Civil Action No.
:
vs.                                       : **CLASS ACTION COMPLAINT AND**
: **JURY TRIAL DEMAND**
VITAL RECOVERY SERVICES, LLC,             :
:
               Defendant.    :
:
―――――――――――――――――――――X

Plaintiff DOUGLAS WEBB (hereinafter "Plaintiff"), of Essex County, New Jersey, on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendant VITAL RECOVERY SERVICES, LLC (hereinafter "Defendant"), its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Essex County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief defendant VITAL RECOVERY

SERVICES, LLC ("VRS") is a limited liability company organized under the laws of the State of Georgia with its principle place of business located at 4775 Peachtree Industrial Blvd., Suite 310, Peachtree Corners, GA 30092.

9. Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received collection calls, debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

**Class 1**

- All New Jersey consumers who received an initial communication from Defendant which was recorded message which failed to inform the consumer that the call was an attempt to collect a debt.

**Class 2**

- All New Jersey consumers who sent Defendant a request for debt verification under section 1692g of the FDCPA, but Defendant continued to communicate with the consumer without first providing verification of

the debt.

**<u>Class 3</u>**

All New Jersey consumers who were sent a collection letter from Defendant which informed the consumer of his rights under section 1692g(a) of the FDCPA and also stated, "Send your full payment with the coupon above or call us. We would like to discuss the matter with you."

The class period begins one year prior to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of telephone calls and a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA.

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously

and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16. Sometime prior to July 9, 2018, Plaintiff allegedly incurred a financial obligation to BMW Financial Services NA LLC ("BMW Financial") related to a car lease. ("the Debt").

17. The Debt arose out of a transaction in which money, property, insurance

or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18. The alleged Debt obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. BMW Financial is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. Sometime prior to July 9, 2018, BMW Financial, either directly or through intermediate transactions, assigned, placed or transferred the BMW Financial obligation to Defendant for collection.

21. At the time the BMW Financial Obligation was assigned, placed or transferred to Defendant, the BMW Financial obligation was in default.

22. On or about July 9, 2018, Plaintiff received a voicemail message from Defendant. This was Defendant's initial communication with Plaintiff. The voicemail message stated:

> We have an important message from Vital Recovery Services. This is a call from a debt collector. Please call 866-312-5580.

23. The July 9, 2019 call failed to indicate that the call was an attempt to collect a debt.

24. Subsequently, Plaintiff received in the mail a collection letter from Defendant dated July 10, 2018. A copy of the July 10, 2018 collection letter is attached as Exhibit A.

25. The July 10, 2018 collection letter indicated a Balance Due amount of $383.60 related to a car lease and purported to include the language required by section 1692g of the FDCPA.

26. The July 10, 2018 collection letter also contained the following language:

Send your full payment with the coupon above or call us. We would like to discuss the matter with you.

27. The July 10, 2018 Collection Letter was Defendant's first written communication to Plaintiff.

28. The July 10, 2018 Collection Letter directed Plaintiff to contact or call Defendant regarding the Debt.

29. On or about July 22, 2018, Plaintiff sent a letter to Defendant certified mail, return receipt requested, seeking validation of the debt.

30. However, after the July 22, 2018 debt validation letter was received by Defendant, Plaintiff received at least three more telephone calls from Defendant, before it stopped calling.

31. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

32. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

33. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

34. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

35. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

36. Defendant's collection letter which provided confusing and incorrect information, caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

37. Defendant's multiple and repeated phone calls had an intent to and did in fact harass Plaintiff.

38. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

39. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA and repeated calls harassed Plaintiff.

40. Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

41. The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

42. The deceptive communications additionally violated the FDCPA since they frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

43. It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) Failing to comply with section 1692g of the FDCPA; and

    (c) Using unfair or unconscionable means to collect or attempt to collect any debt.

44. On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

45. On information and belief, Defendant made an initial communication to a consumer which was a recorded message that failed to inform the consumer that the call was an attempt to collect a debt to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

**(Class Allegations)**

46. Plaintiff repeats the allegations contained in paragraphs 1 through 45 as if the same were set forth at length.

47. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

48. By sending a collection letter, the same as or substantially similar to the July 10, 2018 collection letter, Defendant violated:

   A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

   B. 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or this is not intended to be taken;

   C. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

   D. 15 U.S.C. § 1692e(11) by failing to indicate in the initial call that the call was an attempt to collect a debt.

   E. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

   F. 15 U.S.C. §1692g;

   G. 15 U.S.C. §1692g(a) by failing to comply with the notice provision;

   H. 15 U.S.C. §1692g(b) by failing to cease collection of the debt after Plaintiff notified Defendant that he disputed the debt and by overshadowing the consumer's rights or by being inconsistent with the disclosure of Plaintiff's right to dispute the debt.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

### (Individual Allegations)

49. Plaintiff repeats the allegations contained in paragraphs 1 through 48 as if the same were set forth at length.

50. After Defendant's initial telephone call to Plaintiff on July 9, 2018, Defendant made several calls to Plaintiff and left multiple voicemails on Plaintiff's answering machine.

51. On July 10, 2018, Defendant made three calls to Plaintiff's cell phone.

52. On July 11, 2018, Defendant made three calls to Plaintiff's cell phone..

53. On July 12, 2018, Defendant made five calls to Plaintiff's cell phone.

54. On July 13, 2018, Defendant made three calls to Plaintiff's cell phone.

55. On July 14, 2018, Defendant made two calls to Plaintiff's cell phone.

56. On July 16, 2018, Defendant made three calls to Plaintiff's cell phone.

57. On July 18, 2018, Defendant made three calls to Plaintiff's cell phone.

58. On July 19, 2018, Defendant made a single call to Plaintiff's cell phone.

59. On July 20, 2018, Defendant made three calls to Plaintiff's cell phone.

60. On July 21, 2018, Defendant made a single call to Plaintiff's cell phone.

61. On July 23, 2018, Defendant made three calls to Plaintiff's cell phone.

62. On July 24, 2018, Defendant made three calls to Plaintiff's cell phone.

63. On July 25, 2018, Defendant made three calls to Plaintiff's cell phone.

64. On July 26, 2018, Defendant made two calls to Plaintiff's cell phone.

65. On July 27, 2018, Defendant made three calls to Plaintiff's cell phone.

66. On July 28, 2018, Defendant made a single call to Plaintiff's cell phone.

67. On July 30, 2018, Defendant made four calls to Plaintiff's cell phone.

68. The July 14, 21 and 28 calls were all received on a Saturday.

69. Defendant made at least 46 calls over a period of three weeks.

70. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt., by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

71. Defendant violated 15 U.S.C. §1692d(5) by causing Plaintiff's telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number.

72. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff actual damages

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
       July 7, 2019

Respectfully submitted,

By: s/ Lawrence C. Hersh
Lawrence C. Hersh, Esq.
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff*

### **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: July 7, 2019         By: s/ Lawrence C. Hersh
                  Lawrence C. Hersh, Esq

EXHIBIT A

V01

PO Box 923748
Peachtree Corners, GA 300103748



| ACCOUNT INFORMATION | |
|---|---|
| Our Account # | 9133 |
| Balance Due | $383.60 |

VITAL RECOVERY SERVICES, LLC
PO BOX 923747
PEACHTREE CORS., GA  300103747

Mr Douglas S Webb
110 N FULTON ST
APT 401
Bloomfield, NJ 07003-2237

Amount Paid: _____   Home Phone: _____
                      Daytime Phone: _____

▲ Please Detach And Return in The Enclosed Envelope With Your Payment ▲

July 10, 2018

**IMPORTANT NOTICE: PLEASE RESPOND**
**YOUR ACCOUNT HAS BEEN PLACED WITH US FOR COLLECTION**

Dear Mr Douglas S Webb:

Vital Recovery Services, LLC is now servicing the LEASE END OF TERM account noted to the right that is held by BMW FINANCIAL SERVICES NA LLC. They have placed it with us to collect it for them.

Send your full payment with the coupon above or call us. We would like to discuss the matter with you.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**ACCOUNT SUMMARY**
Original Creditor
BMW FINANCIAL SERVICES NA LLC
Current Creditor
BMW FINANCIAL SERVICES NA LLC
Our Account #
9133
Original Account #
8049
Last Payment Date
00/00/0000
Balance Due
$383.60

**PAYMENT OPTIONS**

 To make a payment online:
**https://pay.vitalrecovery.com**
Sign on using payment id:
3340
Vital Recovery Services, LLC

 at **(866)312-5580**.
Hours of Operation:
Mon-Thurs: 8AM-9PM,
Fri 8AM-5PM Eastern

 Mail check or money order payable to:
Vital Recovery Services, LLC
PO BOX 923747
Peachtree Corners, GA 300103747

**This letter is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. This communication is from a debt collector.**



0001 - VITAL.wfd - 939542 - 00000103 - 1 of 1